UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER E. MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. 11-cv-34-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Roger E. Martin's motion for leave to proceed *in forma pauperis* (Doc. 3).  A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Martin's affidavit that he is indigent.  Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious.  Therefore, the Court **GRANTS** the motion to proceed *in forma pauperis* without prepayment of fees and costs (Doc. 3).  The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. §

1915(e)(2)(B)(i).

If the plaintiff wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon the defendant Commissioner of Social Security, the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., in the manner specified by Federal Rule of Civil Procedure 4(i)(1) & (2), as directed by the plaintiff.  Costs of service shall be borne by the United States.

The Court further notes that Martin has failed to file his complete social security number under seal, as he stated in his brief he had done and as required by the Court.  The Court **ORDERS** Martin to file his complete social security number under seal on or before January 31, 2011.  If Martin fails to do so, the Court may dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:  January 24, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**